[Cite as *State v. Boykin*, 2022-Ohio-3485.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

COREY L. BOYKIN,

        Defendant-Appellant.

**CASE NOS. 2021-P-0103
2021-P-0104**

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2021 CR 00121
2021 CR 00527

**O P I N I O N**

Decided: September 30, 2022
Judgment: Reversed and remanded

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant,* 209 South Main Street, Eighth Floor, Suite 3, Akron, OH 44308 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Corey L. Boykin, appeals from the sentence of the Portage County Court of Common Pleas after he pleaded guilty to two counts of violating a protection order and one count of menacing by stalking. We reverse the judgment of the trial court and remand the matter.

{¶2} Appellant entered guilty pleas to one count of violating a protection order, in violation of R.C. 2919.27, a felony of the third degree; one count of menacing by stalking, in violation of R.C. 2903.211, a felony of the fourth degree; and a separate count of violating a protection order, in violation of R.C. 2919.27, a misdemeanor of the first

degree. In its judgment on sentence, the trial court sentenced appellant to an aggregate term of 54 months imprisonment. Appellant now appeals and assigns the following as error:

{¶3} "The trial court erred to the prejudice of Mr. Boykin by imposing maximum, consecutive sentences in violation of Mr. Boykin's rights under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution."

{¶4} Appellant argues the trial court erred in imposing maximum sentences because it failed to give sufficient consideration of the R.C. 2929.12 factors; he also asserts its findings under that statutory provision are unsupported by the record. Further, appellant contends the trial court committed error in imposing consecutive sentences because it failed to make the required findings under R.C. 2929.14(C)(4).

{¶5} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶6} The Ohio Supreme Court has clarified the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and R.C. 2929.12 and held that it does not allow an appellate court to vacate a sentence based on "lack of support in the record for a trial

2

court's findings" or to "independently weigh the evidence in the record and substitute its judgment for that of the trial court." *State v. Jones ,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 29 and 42.[1]  Thus, to the extent appellant asserts the trial court's findings under the R.C. 2929.12 factors were unsupported by the record and/or it failed to give sufficient weight to those factors, his arguments lack merit.

{¶7}   Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," *and* if the court also finds any of the factors in R.C. 2929.14(C)(4)(a) through (c) are present. Those factors include the following:

{¶8}   (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶9}   (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

---

1. In *State v. Bryant*, ___ Ohio St.3d ___, 2022-Ohio-1878, the Supreme Court recently clarified its holding in *Jones*, *supra*, emphasizing that although an appellate court may not reweigh the R.C. 2929.11 and R.C. 2929.12 findings of a trial court, it is not completely prevented from reviewing a trial court's considerations that are not within the gamut of those statutes.  Specifically, the court held that "[n]othing about [the *Jones*] holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *Bryant*, *supra*, at ¶22.

3

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶10} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37.

{¶12} During appellant's sentencing hearing, the trial court pronounced the following sentence on record:

> {¶13} Based upon your history and my review of the PSI, I'm going to find that you are not amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of sentencing. Therefore, for this felony of the third degree, it's the sentence of this court that you serve thirty-six months in the Ohio Department of Corrections.

> {¶14} For the felony of the fourth degree, it's the sentence of the court that you serve eighteen months in the Ohio Department of Corrections. I'm ordering those run concurrently, not consecutively, with each other, for a total of thirty-six months in prison.

> {¶15} The misdemeanor, I'm sentencing you to six months in the Portage County Jail. That will, of course, run concurrently.

{¶16} The trial court expressed a clear intention at the sentencing hearing that each sentence would run concurrently with one another. Not only was there no mention of the R.C. 2929.14(C)(4) factors, the trial court, in no uncertain terms, stated appellant's sentences will run concurrently "*not consecutively.*" In its judgment entry, however, the trial court, after making general, generic findings pursuant to R.C. 2929.14(C)(4), ordered appellant's sentences to run consecutively. Because there was no ambiguity in the

4

Case Nos. 2021-P-0103 and 2021-P-0104

sentencing order pronounced in open court, that was made in parties' presence, we conclude the imposition of consecutive sentences in the judgment was an administrative oversight. The court clearly, by its unequivocal representations, intended appellant's sentences to be served concurrently, not consecutively. We therefore reverse and remand the matter for the trial court to correct the record to accurately reflect appellant's sentences shall be served concurrently.

{¶17} Appellant's assignment of error has merit.

{¶18} The judgment of the Portage County Court of Common Pleas is reversed and remanded for the limited purpose of correcting its judgment on sentence.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case Nos. 2021-P-0103 and 2021-P-0104